UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSE HERNANDEZ AND
MINERVA VARGAS                          CIVIL ACTION

VERSUS                                  NO. 23-1305-JWD-SDJ

UNITED STATES OF AMERICA, ET AL.

RULING AND ORDER

This matter comes before the Court on *The United States of America's Motion to Dismiss Under Rules 12(b)(1), (b)(6) of the Federal Rules of Civil Procedure* (Doc. 31) (*Motion to Dismiss*), filed by Defendant United States of America.

Plaintiffs Joel Hernandez and Minerva Vargas bring this suit under the Federal Tort Claims Act (FTCA) against Defendants United States of America, United States Postal Service (USPS), and Jennika Jones. (Doc. 1 at ¶ 1.) Defendant United States seeks to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiffs failed to exhaust their administrative remedies, that Defendants USPS and Jones are not proper defendants, and that the suit is now barred by the FTCA's two-year statute of limitations. (Doc. 31.) The Court agrees and grants Defendant United States' *Motion to Dismiss*.

I.  BACKGROUND

At this stage in the proceedings, the Court accepts the allegations in Plaintiffs' complaint. Plaintiffs allege that this suit emerges from a motor vehicle accident that occurred on October 1, 2021. (Doc. 1 at ¶¶ 4–5.) Plaintiff Hernandez was driving a 2010 Honda Accord owned by Plaintiff Vargas when, Plaintiffs claim, Defendant Jennika Jones, an employee of the United States Postal Service driving a 1988 Grumman LLV-A, entered the roadway from the shoulder of Terrace Street and struck the Honda on the passenger side. (*Id.*) As a result, Plaintiffs claim, Plaintiff Hernandez

1

suffered "injuries to the structure, tissues, and musculature of his body," (*id.* at ¶ 10), and Plaintiff Vargas "suffered injuries to property," (*id.* at ¶ 12). They argue that Plaintiffs in no way caused the accident and that it was entirely caused by the actions of Defendant Jones. (*Id.* at ¶¶ 6–7.) Plaintiffs allege that at the time of the accident, Defendant Jones was in the course and scope of her employment for the United States Postal Service, which they argue is liable under *respondeat superior*. (*Id.* at ¶¶ 8–9.) Plaintiffs filed suit in this Court on September 17, 2023, under the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.*, seeking an unspecified amount in damages. (*Id.* at ¶¶ 2, 11–13.)

Defendant United States filed the pending *Motion to Dismiss* on June 14, 2024, (Doc. 31); Plaintiffs filed their *Plaintiffs' Opposition to the United States of America's Motion to Dismiss* (Doc. 34) on July 3, 2024, (Doc. 34), and their exhibits on July 5, 2024, (Doc. 38). Defendant United States then filed *The United States of America's Reply Memorandum in Support of its Motion to Dismiss* (Doc. 44) on July 24, 2024, and the Court denied Plaintiffs' request to file a surreply on July 26, 2024, (Doc. 46).

**II.    PARTIES' ARGUMENTS**

Defendant United States argues that "Plaintiffs do not allege that they submitted an administrative claim, as required by 28 U.S.C. § 2675(a), before filing their FTCA lawsuit." (Doc. 31-1 at 1.) In addition, Defendant states, the Postal Service does not have in its records "an administrative claim that was submitted by either Mr. Hernandez or Ms. Vargas." (*Id.*) Defendant United States argues that this failure to exhaust administrative remedies means this Court does not have subject-matter jurisdiction over Plaintiffs' claims under the FTCA. (*Id.* at 1, 4.) Defendant argues that the FTCA provides only a limited waiver of sovereign immunity, requiring as a prerequisite, presentment of an administrative claim to the appropriate federal agency, here the

USPS. (*Id.* at 4.) Suit in federal court, Defendant United States argues, is only permitted after "(1) the appropriate federal agency has denied the administrative claim, or (2) the claim has been pending for six months before the agency and no final disposition has been made." (*Id.* (citing 28 U.S.C. § 2675(a).) According to Defendant, Plaintiffs do not allege that they presented such a claim and cannot show administrative exhaustion. (*Id.* at 5.) Defendant United States argues that absent such administrative exhaustion, the Court lacks subject-matter jurisdiction over Plaintiffs' claims. (*Id.* at 4–5.)

In addition, Defendant United States argues that it is the only proper defendant in an FTCA lawsuit, and all claims against Defendant Jones should be dismissed. (*Id.* at 5–6.) Defendant United States does not address Plaintiffs' claims against Defendant USPS. (*See id.*)

Finally, Defendant United States argues that "Plaintiffs' FTCA lawsuit should be dismissed with prejudice because it is beyond the two-year statute of limitation to present an administrative claim to the Postal Service[,]" which Defendant United States argues should have been done by October 1, 2023. (*Id.* at 6.) Defendant acknowledges that the FTCA's statute of limitations, unlike administrative exhaustion, is non-jurisdictional and subject to equitable tolling, (*id.* at 7); however, Defendant contend that Plaintiffs do not plead any circumstances that fall into the Fifth Circuit's narrow application of equitable tolling. (*Id.* at 8.) Defendant United States argues that Plaintiffs do not claim that they were misled by Defendant United States or the USPS, nor that Defendant United States concealed the factual basis of the motor vehicle accident, nor that Plaintiffs were unaware of the proper defendant. (*Id.* at 8.) Defendant United States points to Plaintiffs' *Complaint*, (Doc. 1), which specifically purports to bring suit under the FTCA against the United States as a defendant. (Doc. 31-1 at 9.) As a result, Defendant United States argues, Plaintiffs' claims are barred and should be dismissed with prejudice. (*Id.* at 9–10.)

In response, Plaintiffs argue that they "mailed via certified letter a written notice of the claim associated with this matter to Defendant[,]" and that "[s]uch letter complies with 28 C.F.R. § 14.2(a) putting the Defendant on notice that a claim was being presented after Defendant was properly noticed of Plaintiffs' claim against USPS." (Doc. 34 at 4.) Plaintiffs argue that Defendant USPS "failed to make a final disposition within the six (6) month adjudication period allowed by law[,]" which they assert "is considered a *de facto* denial of the claim, allowing Plaintiffs to pursue the matter" in this Court. (*Id.* at 4.)

Plaintiffs argue that they filed this suit on September 17, 2023, more than six months after they presented their claim to Defendant USPS and within the two-year statute of limitations. (*Id.* at 4–5.) Plaintiffs attach a letter "Re: Claimant: Joel Hernandez" to "UPS 10936 Old Hammond Hwy Baton Rouge LA 70816 ATTN: Claims Department" notifying the recipient that the claimant, Plaintiff Hernandez, was represented by Miguel A. Elias, Esq., "in connection with his claim for injuries and property damage as a result of a car accident[.]" (Doc. 38-1 at 1.) It informs the recipient of their insurance responsibilities under La. R. S. 22:1892A(3), asks them to "confirm the amounts of coverage afforded by you to your insured, as well as the correct and proper name of the insurance company providing such coverage[,]" requests a copy of the insurance policy, and puts the recipient "on notice to preserve such video and any other evidence related to any and all aspects of this case[.]" (*Id.*) It does not include any specific money claim for damages or list Plaintiff Hernandez's specific injuries. (*See id.*) Nor does it list any injuries or damages for Plaintiff Vargas. (*See id.*)

Defendant United States replies that this "letter of representation does not satisfy the FTCA's jurisdictional presentment requirement because it does not include a sum certain claim for damages[.]" (Doc. 44 at 2.) Defendant argues that "[p]roper presentment of an FTCA claim to the

appropriate federal agency requires actual receipt of an executed Standard Form 95 or other written notification of an incident, together with a claim for money damages in a sum certain." (*Id.* (citing *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983); *Chichakli v. United States*, 803 F. App'x 781, 782 (5th Cir. 2020).) Defendant United States contends that absent a sum certain claim for damages, this letter "is not enough to satisfy the FTCA's jurisdictional presentment requirement." (*Id.* at 3.) Defendant argues that while Plaintiffs claim they presented this letter within the statute of limitations, they do not make any arguments as to why, if the Court rejects this letter, their FTCA claims should survive the two-year statute of limitations. (*Id.* at 5–6.)

If the Court finds that this letter is sufficient presentment, Defendant United States argues, the Court still does not have subject matter jurisdiction over Plaintiff Vargas's FTCA claims because the letter does not name her as a claimant and no such letter was provided for her. (*Id.* at 6.). In an FTCA claim, Defendant asserts, the jurisdictional prerequisites apply to each claimant individually. (*Id.*) As such, Defendant United States argues that Plaintiff Vargas's FTCA claims should be dismissed. (*Id.*)

Finally, Defendant United States argues, "Plaintiffs did not oppose the United States' challenge to the Court's subject matter jurisdiction over their FTCA claims against Ms. Jennika Jones, and they have waived their opportunity to do so." (*Id.* at 2.) Defendant argues that all claims against Defendant Jones should therefore be dismissed. (*Id.* at 7.)

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

Rule 12(b)(1) permits a party to raise the defense of lack of subject matter jurisdiction at any time. Fed. R. Civ. P. 12(b)(1), 12(h)(3). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The Fifth Circuit articulated the 12(b)(1) standard as follows:

> Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).
> . . .
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A Rule 12(b)(1) challenge to subject matter jurisdiction may be either a "facial" or "factual" attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack is "unaccompanied by supporting evidence that challenges the court's jurisdiction based solely on the pleadings." *Harmouche v. Consulate General of the State of Qatar*, 313 F. Supp. 3d 815, 819 (S.D. Tex. 2018) (citing *Paterson*, 644 F.2d at 523). Facial attacks require the court to look only "to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Paterson*, 644 F.2d at 523.

On the other hand, "[a] factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings—such as testimony and affidavits—may be considered." *Harmouche*, 313 F. Supp. 3d at 819 (citing *Paterson*, 644 F.2d at 523). The "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citation omitted). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In the case of a factual attack, the plaintiff must "submit facts through some evidentiary method and …prov[e] by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523.

B.     Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences,

or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].'" *Calhoun v. City of Houston Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). "Although a 'court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims,' . . . the court need not do so." *Brackens v. Stericycle, Inc.*, 829 F. App'x 17, 23 (5th Cir. 2020) (per curiam) (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). *See also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (using

permissive language regarding a court's ability to rely on documents incorporated into the complaint by reference).

IV.    **ANALYSIS**

    A.    **Only The United States Is a Proper Defendant**

"It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *see Nguyen v. United States Postal Serv.*, No. 23-30547, 2024 U.S. App. LEXIS 3773 at *3, 2024 WL 655578 at *1 (5th Cir. Feb. 16, 2024); *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388–89 (5th Cir. 2014) (per curiam). "[T]he FTCA vests the district courts with 'exclusive jurisdiction of civil actions on claims *against the United States* for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Galvin*, 860 F.2d at 183 (quoting 28 U.S.C. § 1346(b) (1982)) (emphasis added by *Galvin*). The Fifth Circuit stated that "courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act." *Galvin*, 860 F.2d at 183 (citing *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982)). The Fifth Circuit therefore held that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199, 204–05 (5th Cir. 1981); *Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir. 1975)).

Plaintiffs' claims against Defendants United States Postal Service and Jennika Jones are therefore dismissed.

    B.    **Plaintiffs Did Not Properly Present Their Claims Under The FTCA**

Defendant United States argues, and Plaintiffs do not dispute, that the FTCA requires presentment prior to filing suit in federal court. (Doc. 31-1 at 4; *see* Doc. 34 at 4.) Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The Fifth Circuit "ha[s] long held that administrative exhaustion is a jurisdictional requisite to filing an FTCA action." *Nguyen*, 2024 U.S. App. LEXIS 3773 at *2, 2024 WL 655578 at *1 (citing *Gregory*, 634 F.2d at 203–04). In addition, the Fifth Circuit has reiterated that "'[a] claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation *and the claimant places a value on the claim*.'" *Pleasant v. United States ex rel. Overton Brooks VAH*, 764 F.3d 445 (5th Cir. 2014) (quoting *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442, *amended on other grounds on reh'g*, 905 F.2d 61 (5th Cir. 1990)) (emphasis added). The Fifth Circuit has repeatedly emphasized that presentment "requires submission of the claim to the appropriate agency for a 'sum certain.'" *Chichakli v. United States*, 803 F. App'x 781, 782 (5th Cir. 2020); *see Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2017); *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988).

The Fifth Circuit has, at times, taken a liberal interpretation of "sum certain," as in *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). In *Molinar*, the Court accepted as a claim for a sum certain a letter from a plaintiff to the appropriate agency that "included bills which totaled $1462.50[]" but did not add up the bills. 515 F.2d at 249. Similarly, in *Martinez v. United States*, 728 F.2d 694 (5th Cir. 1984), the Fifth Circuit held that a presentation of a claim for "damages *in*

10

*excess* of $100,000" to the appropriate agency within the two-year statute of limitations could be liberally construed as substantial compliance with the FTCA's statutory requirements. 728 F.2d at 697. In *Martinez*, the appellate court looked to prior holdings that "where the government had actually been apprised of the amount sought by a prior state court suit" the sum certain standard was met, *id.* (citing *Williams v. United States*, 693 F.2d 555, 558 (5th Cir. 1982)), and that an "attorney's letter includ[ing] an invoice and inventory of items for which recovery was sought[]" met the sum certain standard, *id.* (citing *Crow v. United States*, 631 F.2d 28 (5th Cir. 1980)).

On the other hand, the Fifth Circuit found that a letter from a plaintiff to the appropriate agency stating that "a total of $2.2 million worth of assets" had been seized from him "and that some—but not all—of those assets were returned to him[,]" without placing a specific value on his claims was not a claim for a sum certain. *Chichakli*, 803 F. App'x at 782. Likewise, a letter to the appropriate agency containing "[a]n incomplete list intended to be supplemented is not a 'sum certain.'" *Id.* Similarly, a letter from a plaintiff's counsel to the proper agency that "speaks of property damages 'in excess of $1,500.00,' but [] fails to quantify her personal injury claim[]" and "promised more detail once medical examinations were accomplished" did not suffice as a claim for sum certain. *Montoya*, 841 F.2d at 105. Finally, and most relevantly to Plaintiffs here, the Fifth Circuit specifically stated that a claim that "does not state any dollar amount . . . is not 'a claim for money damages, in a sum certain.'" *Barber*, F. App'x at 415.

Plaintiffs' letter, which names only Plaintiff Hernandez, does not state a dollar amount. (Doc. 38-1 at 1.) Plaintiffs do not allege that it was accompanied by a collection of bills or an invoice that could be tallied to claim a sum certain; nor do they allege that the USPS was informed of the sum sought by a prior suit. Under Fifth Circuit case law, Plaintiffs' letter cannot meet the FTCA presentment requirement, and they have failed to meet the jurisdictional requisite to filing

an FTCA action. The Court dismisses Plaintiffs' FTCA claims against Defendant United States for lack of subject-matter jurisdiction.

C.	**Statute of Limitations**

Ordinarily, "when the basis for [a] dismissal [of FTCA claims] is lack of subject matter jurisdiction under Rule 12(b)(1)[,]" the dismissal should be without prejudice. *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018). Here, however, Plaintiffs' claims are barred by the relevant statute of limitations.

28 U.S.C. § 2401(b) provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." The Fifth Circuit has upheld a district court's dismissal of FTCA claims in almost exactly identical circumstances, where the plaintiffs' "letters lacked a sum certain sufficient to make the letters an administrative claim[]" such that plaintiffs "did not present an administrative claim prior to filing suit and [] attorney error or neglect would not authorize the application of equitable tolling to the FTCA claims." *Jenkins v. United States Postal Service*, 747 F. App'x 974, 975 (5th Cir. 2019) (per curiam).

The alleged injury here occurred on October 1, 2021. (Doc. 1 at ¶ 5.) Plaintiffs have not presented their claims in sum certain to the appropriate agency; it is now 2025. Plaintiffs have not argued that there is any justification for equitable tolling and have waived any arguments that equitable tolling applies. *See Roe v. United States*, 839 F. App'x 836, 843 (5th Cir. 2020) (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995 (per curiam)). Plaintiffs' FTCA claims are now barred by the FTCA statute of limitations.

## V. LEAVE TO AMEND

"[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). Likewise, "'[o]rdinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.'" *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (quoting *Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) (per curiam)).

Federal Rule of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (cleaned up). *See* Fed. R. Civ. P. 15(a). While "[l]eave to amend is in no way automatic . . . , the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994 (citation and internal quotation marks omitted)). "[L]eave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016). "The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Here, the Court dismisses Plaintiffs' claims against Defendants United States Postal Service and Jennika Jones for lack of jurisdiction under the FTCA; the Court dismisses the claims against Defendant United States for lack of subject matter jurisdiction due to failure to exhaust

under the FTCA. Ordinarily, the Court grants leave to amend freely. However, Plaintiffs have failed to meet the jurisdictional prerequisite of presentment prior to filing an FTCA claim; they are now barred by the statute of limitations. No leave to amend will be granted.

## VI. CONCLUSION

*The United States of America's Motion to Dismiss Under Rules 12(b)(1), (b)(6) of the Federal Rules of Civil Procedure* (Doc. 31) filed by Defendant United States is **GRANTED**. Defendant United States Postal Service and Defendant Jennika Jones are not proper defendants under the FTCA, and Plaintiffs' claims against them are dismissed for lack of jurisdiction. In addition, Plaintiffs failed to present their claims in sum certain to the appropriate agency prior to filing suit in this Court and therefore failed exhaust their administrative remedies; this Court lacks subject-matter jurisdiction over Plaintiffs' FTCA claims against Defendant United States. Plaintiffs' FTCA claims are **DISMISSED WITHOUT PREJUDICE**. The statute of limitations bars Plaintiffs' FTCA claims and they have not argued that any equitable tolling applies. As a result, Plaintiffs are barred from refiling their FTCA claims. No leave to amend will be granted.

Signed in Baton Rouge, Louisiana, on February 5, 2025.

---

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**